

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# Devlin v. Blackman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Devlin v. Blackman" (2008). *2008 Decisions*. Paper 992.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/992

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 07-3223

—————

MARGARET DEVLIN,

Appellant

v.

WARDEN ARTHUR BLACKMAN; LT. JAMES
ADAMS; CO JEROME BARMORE; KEVIN HAYWARD

—————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 05-06081)
Honorable Bruce W. Kauffman, District Judge

—————

Submitted under Third Circuit LAR 34.1(a)
June 10, 2008

BEFORE: AMBRO, CHAGARES, and GREENBERG, Circuit Judges

(Filed: June 20, 2008)

—————

OPINION OF THE COURT

—————

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from an order entered June

27, 2007, granting defendants Arthur Blackman,[1] the warden at the Philadelphia Prison Detention Center ("Center"), James Adams, a lieutenant at the Center, and Jerome Barmore, a correctional officer at the Center, summary judgment in this action that Margaret Devlin, a correctional officer at the Center, brought against them. Devlin explains in her complaint that the "gravaman [sic] of [her] action is to allege unlawful retaliation for the lawful exercise of protected speech because the plaintiff complained to the Warden and others including the defendants about unlawful actions with prisoners that threatened the lives of guards and security in the prison." App. at 14-15. Devlin asserts in her complaint that after she reported the presence of contraband in the Center she was subjected to threats and less favorable work assignments within the Center in retaliation for her action. The District Court accompanied its order with a memorandum opinion explaining why it was granting summary judgment to defendants. In particular, the court explained that Devlin "alleg[ed] that she has been retaliated against for exercising her First Amendment rights," id. at 8, but the alleged retaliation was on account of a report made as part of her duties and thus was not protected speech. Therefore it granted summary judgment against her.

The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary

---

[1]The Court notes that certain documents in this case refer to Blackman as "Blackmon." We are using the spelling Blackman as he himself used in his answer to the complaint in this case.

judgment de novo. See GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 198-99 (3d Cir. 2001).

We have no need to set forth the facts as the parties are well aware of them and the District Court set them forth in its memorandum opinion. We agree with the result the District Court reached and, accordingly, will affirm the order of June 27, 2007, largely for the reasons the court set forth. We, however, make this refinement on its reasoning. The District Court, citing Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951 (2006), indicated that Devlin "reported the case incident as part of her duty as an employee of the Philadelphia Prison System [and] [a]ccordingly, since her report was made as part of her duties as a police officer, she failed to establish that she engaged in 'protected speech' . . . ." App. at 12. Though we do not question the legal foundations of this reasoning, we have some problem with applying it here because Blackman does not contend that he disciplined Devlin for making a report. Quite to the contrary, he contends that she should have made the report sooner. Our reservations concerning the District Court's reasoning, however, do not lead us to question the result the court reached for Devlin does not deny that she delayed in reporting the contraband, i.e., a cake, for she sets forth in her brief that she was aware of the presence of the cake on June 14, 2005, but did not report its presence to Blackman until July 1, 2005. We are of the view that a correctional officer hardly can state a claim based on discipline imposed on her as a result of her failure to report properly the presence of contraband in a detention facility. Indeed, it would have

3

been surprising if Blackman had not disciplined her for her conduct.

The order of June 27, 2007, will be affirmed.